IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

v.

KEVIN DWIGHT CLEMENTS and
KARYN L. ESTRADA,

      Defendants.

Case No. 5:23-cr-01389-MIS

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT THREE OF THE INDICTMENT

**THIS MATTER** is before the Court on Defendant Kevin Dwight Clements's Motion to Dismiss Count Three of the Indictment, ECF No. 53, filed November 13, 2023. The Government filed a Response on December 11, 2023, ECF No. 64, to which Clements did not reply. Upon review of the Parties' submissions, the record, and the relevant law, the Court **DENIES** the Motion.

### I. Background

On September 14, 2023, a Grand Jury sitting in the District of New Mexico returned a five-count Indictment charging Clements and co-Defendant Karyn L. Estrada with sex trafficking, kidnapping, and firearm offenses. ECF No. 41. Relevant here, Count 3 of the Indictment charges that in December 2018, Clements

> unlawfully seized, confined, kidnapped, abducted, and carried away Jane Doe and held her for ransom, reward, and otherwise, and in committing or in furtherance of the commission of the offense, used an RV park and a vehicle, each a means, facility, and instrumentality of interstate and foreign commerce.

> In violation of 18 U.S.C. § 1201(a)(1).

Id. 41 at 2. On November 13, 2023, Clements filed the instant Motion to Dismiss Count 3. ECF No. 53. Although the Motion does not identify the legal mechanism for dismissal, the Court construes the Motion as one to dismiss for failure to state an offense.[1]

## II. Legal Standard

In general, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). "An indictment need only meet minimal constitutional standards, and [the Court] determine[s] the sufficiency of an indictment by practical rather than technical considerations." United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997). "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." Id.

Notwithstanding the "minimal constitutional standards" required to render an indictment sufficient, id., a defendant may file a pretrial motion alleging "a defect in the indictment . . . including: failure to state an offense[.]" Fed. R. Crim. P. 12(b)(3)(B)(v). Rule 12(b) "permits pretrial resolution of a motion to dismiss the indictment only when 'trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.'" United States v. Pope, 613 F.3d 1255, 1259 (10th Cir. 2010) (quoting United States v. Covington, 395 U.S. 57, 60 (1969)).

## III. Discussion

Clements argues that the federal kidnapping statute does not apply to this case because the Indictment fails to allege a sufficient nexus to interstate commerce. ECF No. 53 at 5. Specifically,

---

[1] Asserting that the Indictment fails to allege a sufficient nexus to interstate commerce is a challenge to the sufficiency of the Indictment, not a challenge to the Court's jurisdiction. See United States v. Sinks, 473 F.3d 1315, 1320 (10th Cir. 2007).

he argues that the use of a motor vehicle during an entirely intrastate kidnapping is insufficient "to bring the matter under the ambit of the Commerce Clause." Id.

The Government argues that the Indictment alleges that Clements used both a vehicle and an RV park in furtherance of the kidnapping, either of which is sufficient standing alone or taken together to satisfy the interstate commerce element of the federal kidnapping statute. ECF No. 64 at 1.

As relevant here, the federal kidnapping statute makes it unlawful to kidnap a person where the offender uses "any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense[.]" 18 U.S.C. § 1201(a)(1).

Here, the Indictment alleges that Clements used both a vehicle and an RV park in furtherance of the kidnapping, and alleges that each is "a means, facility, and instrumentality of interstate and foreign commerce." ECF No. 40 at 2. On materially indistinguishable facts, another judge in this district recently found that a motor vehicle is an instrumentality of interstate commerce for purposes of Section 1201(a)(1). United States v. Bachicha, Case No. 1:19-cr-02328-MLG-1, 2023 WL 8566503, at *1-2 (D.N.M. Dec. 11, 2023). In Bachicha, Judge Garcia reasoned:

> "Instrumentality" is commonly understood as "the fact or function of serving to bring about a result or accomplish a purpose." Instrumentality, Oxford English Dictionary (2023). A motor vehicle comports with this ordinary meaning in that it functions to accomplish a purpose (e.g., kidnapping for the primary objective of committing sexual assault). This conclusion is strengthened when considering Congress's use of the antecedent "any." The Court construes that term expansively. See United States v. Gonzales, 520 U.S. 1, 5 (1997) ("Read naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'") (citation omitted). With that understanding, it makes sense that Congress intended for "instrumentality" to serve as an expansive catch-all encompassing—for example—both tangible objects, like cell phones and GPS devices, as well as intangibles like the internet. See United States v. Morgan, 748 F.3d 1024, 1034 (10th Cir. 2014); see also United States v. Protho, 41 F.4th 812, 828 (7th Cir. 2022) (noting that Article I, § 8 of the United States Constitution "allows Congress to 'regulate and protect the instrumentalities of interstate commerce, or persons or

3

things in interstate commerce, even though the threat may come only from intrastate activities'"). It follows then that an expansive interpretation of the wording "any instrumentality" includes motor vehicles.[2]

This conclusion finds support when considering Congress's extensive authority to regulate interstate commerce. There are "three broad categories of activity that Congress may regulate under its commerce power." United States v. Lopez, 514 U.S. 549, 558 (1995). These categories include (1) "use of the channels of interstate commerce," (2) "the instrumentalities of interstate commerce ... even though the threat may come only from intrastate activities," and (3) "activities having a substantial relation to interstate commerce." Id. at 558-59. The second category "includes regulation aimed at local, in-state activity involving instrumentalities of commerce." Morgan, 748 F.3d at 1031. Here, the indictment alleges that Bachicha used a motor vehicle as an instrumentality of interstate commerce to commit two intrastate kidnappings in violation of the federal kidnapping statute. Doc. 6 at 1. Given the language in both the indictment and the statute, the second type of congressional authority is implicated.[3] Even though the kidnappings allegedly occurred entirely within the boundaries of New Mexico, they were facilitated by the use of a regulated instrumentality of interstate commerce: a motor vehicle. Thus, "[f]ederal prosecution for such conduct comports with the Commerce Clause" under the second category. Morgan, 748 F.3d at 1032.

Notably, most other cases addressing analogous circumstances concur that Congress possesses this authority and accordingly those courts have held that motor vehicles constitute instrumentalities of interstate commerce. See, e.g., United States v. Bishop, 66 F.3d 569, 590 (3d Cir. 1995); United States v. Cobb, 144 F.3d 319, 322 (4th Cir. 1998); United States v. McHenry, 97 F.3d 125, 126-27 (6th Cir. 1996); United States v. Robinson, 62 F.3d 234, 236-37 (8th Cir. 1995); United States v. Oliver, 60 F.3d 547, 550 (9th Cir. 1995). And while these cases were decided under the federal carjacking statute, there is no compelling reason to interpret that statutory language differently than the language of the federal kidnapping statute. See United States v. Windham, 53 F.4th 1006, 1013 (6th Cir. 2022) (citing the Sixth Circuit's opinion in McHenry which involved the federal carjacking statute for the proposition that "[t]his Court has held repeatedly and unambiguously that cars and phones are instrumentalities of interstate commerce"). This Court agrees with the majority view and concludes that motor vehicles are instrumentalities of interstate commerce under the federal kidnapping statute.

---

[2] In fact, it is so conceivable that many circuit courts have adopted the rule as discussed infra.

[3] "The four district court cases to address the constitutionality of the Federal Kidnapping Statute .... have all upheld the statute as an appropriate exercise of Congress' Commerce Clause power under Lopez Category Two." United States v. Ramos, No. 12 Cr. 556, 2013 WL 1932110, at *2 (S.D.N.Y. May 8, 2013) (listing those cases).

4

Id. (footnotes in original).  The Court agrees with Judge Garcia's analysis and adopts it: motor vehicles are instrumentalities of interstate commerce for purposes of 18 U.S.C. § 1201(a).[4] Clements's arguments to the contrary are unavailing.

Therefore, the Court finds that the Indictment sufficiently charges Clements with kidnapping under Section 1201(a).

### IV.     Conclusion

Accordingly, it is **HEREBY ORDERED** that Defendant Kevin Dwight Clements's Motion to Dismiss Count Three of the Indictment is **DENIED**.

*/s/ Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[4] Because the Court finds that motor vehicles are instrumentalities of interstate commerce, it need not determine whether an RV park is a "means, facility, or instrumentality of interstate or foreign commerce" under Section 1201(a).