**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

v.

Case No. 5:23-cr-01389-MIS

KEVIN DWIGHT CLEMENTS and
KARYN L. ESTRADA,

 Defendants.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS 4 AND 5 OF THE INDICTMENT UNDER THE SECOND AMENDMENT

**THIS MATTER** is before the Court on Defendant Kevin Dwight Clements's Motion to

Dismiss Counts 4 and 5 of the Indictment under the Second Amendment, ECF No. 54, filed

November 13, 2023.  The Government filed a Response on December 11, 2023, ECF No. 63, to

which Clements did not reply.  Upon review of the Parties' submissions, the record, and the

relevant law, the Court **DENIES** the Motion.

### I.      Background

On September 14, 2023, a Grand Jury sitting in the District of New Mexico returned a five-

count Indictment charging Clements and co-Defendant Karyn L. Estrada with sex trafficking,

kidnapping, and firearm offenses.  ECF No. 41.  Relevant here, Count 4 charges Clements with

being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (based on

prior convictions for armed robbery and armed bank robbery); Count 5 charges Clements with

being an unlawful user of (and addicted to) a controlled substance in possession of a firearm in

violation of 18 U.S.C. §§ 922(g)(3) and 924.  Id. at 2-3.  On November 13, 2023, Clements filed

the instant Motion to Dismiss Counts 4 and 5 under Federal Rule of Criminal Procedure

12(b)(3)(B).  ECF No. 54.

## II.      Legal Standard

In general, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]"  Fed. R. Crim. P. 7(c)(1). "An indictment need only meet minimal constitutional standards, and [the Court] determine[s] the sufficiency of an indictment by practical rather than technical considerations."  United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997).  "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense."  Id.

Notwithstanding the "minimal constitutional standards" required to render an indictment sufficient, id., a defendant may file a pretrial motion alleging "a defect in the indictment . . . including: failure to state an offense[.]"  Fed. R. Crim. P. 12(b)(3)(B)(v).  Rule 12(b) "permits pretrial resolution of a motion to dismiss the indictment only when 'trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.'"  United States v. Pope, 613 F.3d 1255, 1259 (10th Cir. 2010) (quoting United States v. Covington, 395 U.S. 57, 60 (1969)).  "If contested facts surrounding the commission of the offense would be of any assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial."  Id.  However,

> courts may entertain even motions to dismiss that require resort to facts outside the indictment and bearing on the general issue in the "limited circumstances" where "[1] the operative facts are undisputed and [2] the government fails to object to the district court's consideration of those undisputed facts," and [3] the district court can determine from them that, "as a matter of law, the government is incapable of proving its case beyond a reasonable doubt."

Id. at 1260-61 (quoting United States v. Hall, 20 F.3d 1084, 1088 (10th Cir. 1994)) (emphasis in original).

### III.     Discussion

Pursuant to 18 U.S.C. § 922(g)(1), it is unlawful "for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to . . . possess in or affecting commerce, any firearm or ammunition . . . ."  Pursuant to 18 U.S.C. § 922(g)(3), it is unlawful "for any person who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. [§] 802)) to . . . possess in or affecting commerce, any firearm or ammunition . . . ."

Clements argues that 18 U.S.C. §§ 922(g)(1) and (3) violate the Second Amendment to the United States Constitution.  ECF No. 54 at 1-2.  He argues that Sections 922(g)(1) and (3) are facially unconstitutional because they are inconsistent with this country's historical tradition of firearm regulation.  Id. at 1-2, 4-22 (citing N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1, 70 (2022)).  He further argues that Sections 922(g)(1) and (3) are unconstitutional as applied to him because there is no historical tradition of barring drug users or felons with criminal histories like his from possessing firearms.  Id. at 22-24

The Government argues that 18 U.S.C. §§ 922(g)(1) and (3) are constitutional under Bruen.  ECF No. 63 at 7-17.  It argues that the Tenth Circuit has upheld the constitutionality of Section 922(g)(1) post-Bruen, id. at 7-8 (citing Vincent v. Garland, 80 F.4th 1197, 1199 (10th Cir. 2023)), and Section 922(g)(3) is constitutional under the Bruen analysis, id. at 8-17.

The Second Amendment states, "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.  In District of Columbia v. Heller, the Supreme Court held that the Second Amendment protected an "individual" right to keep and bear arms, not merely a right tethered to militia service.  554 U.S. 570, 595 (2008).  However, the Court emphasized that "[l]ike most rights, the right

3

secured by the Second Amendment is not unlimited." Id. at 626.  It is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." Id.  The Court further emphasized that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . . ." Id.

In McDonald v. City of Chicago, a plurality of the Court "repeat[ed]" its "assurances" that Heller "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill . . . .'" 561 U.S. 742, 786 (2010) (quoting Heller, 554 U.S. at 626).

In Bruen, the Supreme Court clarified the analysis for determining whether a regulation comports with the Second Amendment:

> [W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.  To justify its regulation, . . . the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation.  Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

597 U.S. at 17.  "[D]etermining whether a historical regulation is a proper analogue for a distinctly modern firearm regulation requires a determination of whether the two regulations are 'relevantly similar.'"  Id. at 28-29 (citation omitted).  "[A]nalogical reasoning requires only that the government identify a well-established and representative historical analogue, not a historical twin. So even if a modern-day regulation is not a dead ringer for historical precursors, it still may be analogous enough to pass constitutional muster." Id. at 30.  The Supreme Court pointed to "two metrics" that are relevant in determining whether a historical analog is similar to a modern-day regulation: (1) "whether modern and historical regulations impose a comparable burden on the

right of armed self-defense[,]" and (2) "whether that burden is comparably justified . . . ." Id. at 29 (quoting McDonald, 561 U.S. at 767 (quoting Heller, 554 U.S. at 599)).

### a.   18 U.S.C. § 922(g)(1) is facially constitutional

Binding Tenth Circuit precedent forecloses Clements's challenge to the facial constitutionality of 18 U.S.C. § 922(g)(1). See United States v. McCane, 573 F.3d 1037, 1047 (10th Cir. 2009). Specifically, in McCane, the Tenth Circuit rejected the argument that 18 U.S.C. § 922(g)(1) was unconstitutional in light of Heller. Id. Recently, in Vincent, the Tenth Circuit found that Bruen "did not indisputably and pellucidly abrogate our precedential opinion in McCane[,]" 80 F.4th at 1202, and reaffirmed McCane's holding that Section 922(g)(1) is constitutional, id.

This Court is bound to apply controlling Tenth Circuit precedent unless and until it is overruled by the Tenth Circuit sitting en banc or abrogated by a superseding contrary decision by the U.S. Supreme Court. Barnes v. United States, 776 F.3d 1134, 1147 (10th Cir. 2015); see also Haynes v. Williams, 88 F.3d 898, 900 n.4 (10th Cir. 1996) ("A published decision of one panel of this court constitutes binding circuit precedent constraining subsequent panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court.") (citations omitted).

Here, because the Tenth Circuit has explicitly held that Bruen did not abrogate McCane, see Vincent, 80 F.4th at 1202, the Court concludes that 18 U.S.C. § 922(g)(1) is facially constitutional, and Clements's Motion must be denied to the extent it challenges the facial constitutionality of Section 922(g)(1). See United States v. Williams, __ F. Supp. 3d __, Case No. 23-CR-00230-GKF, 2023 WL 6221770, at *2-3 (N.D. Okla. 2023) (denying motion to dismiss an indictment because the Tenth Circuit in Vincent held that Bruen did not overrule McCane, and therefore 18 U.S.C. § 922(g)(1) is constitutional).

However, the Court cannot determine Clements's as-applied challenge to Section 922(g)(1) without the assistance of the facts surrounding the commission of the offense. Count 4 of the Indictment alleges that from November 2018 through June 9, 2020, Clements, "knowing that he had been convicted of at least one crime punishable by imprisonment for a term of exceeding one year, specifically: (1) armed robbery, and (2) armed bank robbery, knowingly possessed a firearm in and affecting commerce." ECF No. 41 at 3. The Government bears the burden at trial of proving that Defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year. See Tenth Cir. Pattern Crim. Jury Instruction 2.44 (2021).

In his Motion, Clements states that his "felony conviction predicating the charge includes armed robbery." ECF No. 54 at 2. The Government attached to its Response a Judgment and Commitment Order adjudicating Clements guilty of armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d), and sentencing him to 100 months' imprisonment to be followed by five years' supervised release. ECF No. 63-1. Because Clements has not admitted to a prior armed bank robbery conviction, and the Government has not introduced evidence of a prior conviction for armed robbery, the Court cannot find that the operative facts are undisputed. See Pope, 613 F.3d at 1260-61 (stating that a district court may entertain motions to dismiss criminal charges "that require resort to facts outside the indictment and bearing on the general issue in the 'limited circumstances'" where, inter alia, "the operative facts are undisputed"). Therefore, the Court denies Clements's as-applied challenge to the constitutionality of Section 922(g)(1) without prejudice to being reasserted after a trial on the merits.[1]

---

[1] However, the Court notes that if the Government proves that Defendant had a prior felony armed robbery or armed bank robbery conviction punishable by imprisonment for a term exceeding one year, any as-applied challenge will likely fail. First, it is unclear whether as-applied challenges to Section 922(g)(1) are permitted in the

### b. 18 U.S.C. § 922(g)(3) is facially constitutional

The Tenth Circuit has apparently not addressed the constitutionality of Section 922(g)(3) post-<u>Bruen</u>.  Clements argues that the Second Amendment covers his alleged conduct, and there is not a historical tradition of barring unlawful users of controlled substances from possessing firearms.  ECF No. 54 at 5-24.

### 1. Clements's alleged conduct is covered by the Second Amendment's plain text

The Government argues that the Second Amendment's plain text does not cover Clements's conduct because "the right described by the Second Amendment only extends to 'the people'—<u>i.e.</u>, 'law-abiding, responsible' citizens keeping or bearing arms for 'lawful purposes.'" ECF No. 63 at 8-9 (citing <u>Heller</u>, 554 U.S. at 635).  It argues that the majority and concurring opinions in <u>Bruen</u> "define the Second Amendment as applying to 'law-abiding citizens' at least ten times."  <u>Id.</u> at 9 (citing <u>Bruen</u>, 597 U.S. at 2, 5, 7, 9, 30, 38, 60, 71, 74, 79).  The Government argues that "Clements's unlawful use of a controlled substance remove him from the category of 'law-abiding and responsible citizens' to whom the Second Amendment applies."  <u>Id.</u>

---

Tenth Circuit post-<u>Heller</u>.  <u>See</u> <u>United States v. Carpenter</u>, Case No. 1:21-cr-00086-DBB, 2022 WL 16855533, at *2 (D. Utah Nov. 10, 2022) ("Simply put, post-<u>Heller</u>, the Tenth Circuit has not permitted either facial or as-applied challenges to § 922(g)(1).") (citations omitted).  Even if as-applied challenges to Section 922(g)(1) are permitted, Clements's argument is likely to fail.  <u>See</u> <u>United States v. Jackson</u>, 69 F.4th 495, 501-506 (8th Cir. 2023) (affirming district court's rejection of as-applied challenge to Section 922(g)(1) where the defendant's prior felony offenses included only non-violent drug offenses, and concluding that "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)"); <u>United States v. West</u>, __ F. Supp. 3d __, 2023 WL 8091984, at *3-6 (E.D. Pa. Nov. 21, 2023) (rejecting post-<u>Bruen</u> challenge to Section 922(g)(1) as applied to defendant with prior felony armed robbery convictions because "there is a robust and consistent tradition of governments in England, its American colonies, and the early United States disarming those deemed to be dangerous, either based on their status or their conduct" and the defendant's conduct falls within "even the narrowest definition of dangerousness"); <u>United States v. Perkins</u>, CRIMINAL ACTION No. 23-66, 2023 WL 7329503, at *3 (E.D. Pa. Nov. 7, 2023) (rejecting post-<u>Bruen</u> challenge to Section 922(g)(1) as applied to defendant with prior <u>un</u>armed robbery convictions because those convictions "place him within the category of those who have been disarmed consistent with the Nation's historical tradition"); <u>United States v. Coombes</u>, 629 F. Supp. 3d 1149, 1162-63 (N.D. Okla. 2022) (rejecting post-<u>Bruen</u> challenge to Section 922(g)(1) as applied to defendant with prior felony convictions for second degree burglary and grand larceny of a house or vessel).

The Court rejects the Government's argument that the Second Amendment applies only to

law-abiding citizens.

> First, there is no reason to think that "the people, as used in the Second Amendment,
> bears a different definition than "the people" as used in other constitutional
> provisions. Seven constitutional provisions refer to "the people": the preamble,
> Article I § 2, and the First, Second, Fourth, Ninth, Tenth, and Seventeenth
> Amendments.  The Heller Court noted that, in the Second Amendment and in the
> other six uses (ignoring the Seventeenth Amendment's use), "the term
> unambiguously refers to all members of the political community, not an unspecified
> subset." 554 U.S. at 580, 128 S.Ct. 2783.  And the Seventeenth Amendment's use
> of "the people," which requires United States Senators to be elected by "the people"
> of each State, implies no additionally restrictive definition.  If "the people" includes
> only law-abiding citizens, then those who violate the law could plausibly lose the
> right not only to possess firearms, but also to peaceably assemble and to be free
> from unreasonable searches and seizures. The court finds that argument to be
> untenable.
>
> Regarding the United States' argument that Bruen and its concurring opinions
> define the Second Amendment as applying to "law-abiding citizens" at least
> twenty-one times, the court notes that the petitioners in Bruen were "law-
> abiding…citizens." 142 S. Ct. at 2124–25. Thus, while Bruen clearly establishes
> that being a law-abiding citizen is sufficient to be included in "the people" to whom
> the Second Amendment right is endowed, any indication in Bruen that being a law-
> abiding citizen is necessary to be included in "the people" is dicta.  See Range v.
> Att'y General, 69 F.4th 96,101 (3d Cir. 2023) (en banc) (finding that "the criminal
> histories of the plaintiffs in Heller, McDonald, and Bruen were not at issue in those
> cases. So, their references to 'law-abiding, responsible citizens' were dicta.").
>
> Finally, limiting the right granted by the Second Amendment to apply only to law-
> abiding citizens would raise a host of questions regarding who qualifies as a "law-
> abiding" citizen.  If an otherwise law-abiding person with a concealed firearm is
> pulled over for speeding or running a stop sign, would their firearm possession still
> be protected by the Second Amendment? Would the Second Amendment protect
> an adult who owned a firearm if that individual had been convicted of a
> misdemeanor as a child? Fortunately, these are questions that the court need not
> answer. The court concludes that [the defendant] is among the people protected by
> the Second Amendment, joining the many district courts within the Tenth Circuit
> that have reached the same conclusion.

United States v. Espinoza-Melgar, __ F. Supp. 3d __, 2023 WL 5279654, at *3 (D. Utah Aug. 16,

2023) (citing United States v. Brown, __ F. Supp. 3d at __ 2023 WL 4826846, at *6 (D. Utah July

27, 2023); <u>United States v. Carrero</u>, 635 F. Supp. 3d 1210, 1212 (D. Utah 2022); <u>United States v. Lewis</u>, 650 F. Supp. 3d 1235, 1238 (W.D. Okla. 2023); <u>United States v. Coombes</u>, 629 F. Supp. 3d 1149, 1156 (N.D. Okla. 2022); <u>United States v. Gray</u>, Criminal Case No. 22-cr-00247-CNS, 2022 WL 16855696, *2-3 (D. Colo. Nov. 10, 2022)).  See also <u>Range</u>, 69 F.4th at 103; <u>United States v. Rahimi</u>, 61 F.4th 443, 453 (5th Cir. 2023).  The Court agrees with this analysis and adopts it: the Second Amendment applies to "all Americans[,]" not only law-abiding citizens.  <u>Bruen</u>, 597 U.S. at 70 ("The Second Amendment guaranteed to 'all Americans' the right to bear commonly used arms in public subject to certain reasonable, well-defined restrictions.") (quoting <u>Heller</u>, 554 U.S. at 581).

The Court further finds Section 922(g)(3) regulates Second Amendment conduct. <u>Espinoza-Melgar</u>, 2023 WL 5279654, at *3.  As such, the plain text of the Second Amendment applies to Clements's alleged conduct in Count 5 of the Indictment, and the Constitution presumptively protects that conduct.  <u>Bruen</u>, 597 U.S. at 17.

### 2. The Government has demonstrated that Section 922(g)(3) is consistent with the Nation's history of firearm regulation

The Government argues that even if the Second Amendment applies to Clements's conduct, prohibiting the possession of firearms by unlawful users of, and those addicted to, controlled substances is consistent with our nation's tradition of firearm regulation.  ECF No. 63 at 9.  In this regard, the Government argues that dispossessing unlawful users of controlled substances of their guns is consistent with our nation's tradition of disarming "dangerous or untrustworthy" persons, <u>id.</u> at 15 (citing <u>Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives</u>, 700 F.3d 185, 200 (5th Cir. 2012); Robert H. Churchill, <u>Gun Regulation, the Police Power, and the Right to Keep Arms in Early America: The Legal Context</u>

of the Second Amendment, 25 LAW & HIST. REV. 139, 157–60 (2007); Saul Cornell & Nathan

DeDino, A Well Regulated Right: The Early American Origins of Gun Control, 73 FORDHAM

L. REV. 487, 506–08 (2004)); and "persons considered a risk to society[,]" id. at 14 (quoting

United States v. Daniels, 610 F. Supp. 3d 892, 897 (S.D. Miss. 2022), rev'd 77 F.4th 337 (5th Cir.

2023)), like felons, persons with impaired judgment, and the mentally ill, id. at 13-17 (citing United

States v. Yancey, 621 F.3d 681, 683 (7th Cir. 2010); Daniels, 610 F. Supp. 3d at 895).   For

example, the Government cites Fried v. Garland, 640 F. Supp. 3d 1252, 1261-62 (N.D. Fla. 2022),

which discussed historical laws prohibiting people from carrying or firing guns while intoxicated.

Id. at 14 n.1.

      The Court finds that the Government has carried its burden of proving that Section

922(g)(3) is consistent with the nation's historical tradition of regulating firearms.  Specifically,

the Government has shown that Section 922(g)(3) is "relevantly similar" to historical regulations

aimed at preventing potentially dangerous persons from possessing and using firearms.  Bruen,

597 U.S. at 29.  The Government has shown that the "two metrics" identified by the Court in Bruen

as relevant to determining whether historical analogs are similar to modern-day regulations are

satisfied:  the historical restrictions and Section 922(g)(3) comparably burden the Second

Amendment right by categorically prohibiting certain persons from possessing firearms, and

comparably justify the regulation as promoting public safety by keeping guns out of the hands of

presumptively dangerous persons, namely, felons, intoxicated persons, and the mentally ill.

      In reaching its conclusion that the Government has met its burden, the Court finds

persuasive and agrees with the discussion of the historical tradition of firearm regulation of other

district court cases that have found Section 922(g)(3) constitutional post-Bruen.  See, e.g., United

States v. Okello, __ F. Supp. 3d __, 2023 WL 5515828, at *3-5 (D.S.D. Aug. 25, 2023); Espinoza-

10

Melgar, 2023 WL 5279654, at *5-10; United States v. Costianes, No. JKB-21-0458, __ F. Supp.

3d __, 2023 WL 3550972, at *4-5 (D. Md. May 18, 2023); United States v. Randall, 656 F. Supp.

3d 851, 856  (S.D. Iowa 2023); United States v. Posey, 655 F. Supp. 3d 762, 772-76 (N.D. Ind.

2023); Fried, 640 F. Supp. 3d at 1262-63; Daniels, 610 F. Supp. 3d at 895–96, rev'd 77 F.4th 337

(5th Cir. 2023).

The Court is also persuaded by the Eighth Circuit's discussion of the historical tradition of

firearm regulation in United States v. Jackson, 69 F.4th 495, 502-06 (8th Cir. 2023), and although

that court was addressing a challenge to Section 922(g)(1), this Court finds the discussion applies

equally to Section 922(g)(3).

The Court also finds persuasive the pre-Bruen historical analysis in United States v.

Yancey, 621 F.3d at 686, in which the Seventh Circuit analyzed the constitutionality of Section

922(g)(3) in the wake of Heller and McDonald.  The Yancey court found that "[k]eeping guns

away from habitual drug abusers is analogous to disarming felons," 621 F.3d at 684, and that

"habitual drug abusers, like the mentally ill, are more likely to have difficulty exercising self-

control, making it dangerous for them to possess deadly firearms." Id. at 685.

Accordingly, the Court joins the overwhelming majority of courts that have considered

whether Section 922(g)(3) passes constitutional muster post-Bruen and concluded that it remains

a constitutional restriction on firearm possession.  See, e.g., United States v. Bird, 3:22-CR-30112-

RAL, 2024 WL 35247, at *1-2 (D.S.D. Jan. 3, 2024); Okello, 2023 WL 5515828, at *5; United

States v. Garcia, 4:22-CR-3039, 2023 WL 8698931, at *1 (D. Neb. Dec. 15, 2023); United States

v. Strange, Criminal Action No. 5:23-097-DCR, 2023 WL 8458225, at *4-5 (E.D. Ky. Dec. 6,

2023); Espinoza-Melgar, 2023 WL 5279654, at *9; United States v. Wuchter, No. 23-CR-2024-

CJW-MAR, 2023 WL 4999862, at *2-4 (N.D. Iowa Aug. 4, 2023); United States v. Campbell,

Cause No. 1:22-cr-159-LG-RPM-1, 2023 WL 5009202, at *4-5 (S.D. Miss. Aug. 4, 2023); United States v. Springer, No. 23-CR-1013-CJW-MAR, 2023 WL 4981583, at *2-4 (N.D. Iowa Aug. 3, 2023); United States v. Striplin, Case No. 4:21-cr-00289-RK, 2023 WL 4850753, at *1 (W.D. Mo. July 28, 2023); United States v. Beaty, Case No. 6:22-cr-95-PGB-DCI, 2023 WL 4662247, at *4 (M.D. Fla. July 20, 2023); United States v. Lewis, Crim. No. 22-0222-WS, __ F.Supp.3d __, 2023 WL 4604563, at *17 (S.D. Ala. July 18, 2023); United States v. Beverly, Criminal No. 2:21CR36, 2023 WL 4466507, at *2 (N.D. W. Va. July 11, 2023); United States v. Gil, EP-22-CR-773-DB, 2023 WL 4356067, at *7 (W.D. Tex. July 5, 2023); United States v. Overholser, No. 3:22-CR-35 JD, 2023 WL 4145343, at *2 (N.D. Ind. June 23, 2023); United States v. Evenson, No. CR-23-24-BLG-SPW, 2023 WL 3947828, at *2 (D. Mont. June 12, 2023); United States v. Walker, No. 8:22-CR-291, 2023 WL 3932224, at *5 (D. Neb. June 9, 2023); Costianes, 2023 WL 3550972, at *6; United States v. Parker, No. 22-CR-4072-LTS-KEM, 2023 WL 3596453, at *3 (N.D. Iowa Apr. 25, 2023); United States v. Le, No. 4:23-cr-00014-SHL-HCA, __ F. Supp. 3d __, 2023 WL 3016297, at *5 (S.D. Iowa Apr. 4, 2023); United States v. Stennerson, No CR 22-139-BLG-SPW, 2023 WL 2214351, at *2 (D. Mont. Feb. 24, 2023); Randall, 656 F. Supp. 3d at 856; Posey, 655 F. Supp. 3d at 776; United States v. Lewis, 650 F. Supp. 3d 1235, 1242 (W.D. Okla. 2023); United States v. Black, 649 F. Supp. 3d 246, 253 (W.D. La. 2023); Gilpin v. United States, Crim. No. 2004050-01-CR-C-RK, 2023 WL 387049, at *4 (W.D. Miss. Jan. 3 2023); United States v. Sanchez, 646 F. Supp. 3d 825, 828-29 (W.D. Tex. 2022); Fried, 640 F. Supp. 3d at 1263; United States v. Seiwert, No. 20-CR-443, 2022 WL 4534605, at *2 (N.D. Ill. Sept. 28, 2022); Daniels, 610 F. Supp. 3d at 897, rev'd 77 F.4th 337 (5th Cir. 2023).

However, the Court cannot determine Clements's as-applied challenge to Section 922(g)(3) without the assistance of the facts surrounding the commission of the offense. Count 5

12

of the Indictment alleges only that from November 2018 through June 9, 2020, Clements, "knowing that he was an unlawful user of and addicted to a controlled substance, knowingly possessed a firearm in and affecting commerce."  ECF No. 41 at 3.  The Indictment does not contain any information regarding the circumstances surrounding Clements's unlawful drug use and addiction—including what controlled substance(s) Clements unlawfully used and was addicted to.  Therefore, the Court cannot find as a matter of law that Section 922(g)(3) does not apply to his conduct.  Consequently, the Court denies Clements's as-applied challenge to the constitutionality of Section 922(g)(3) without prejudice to being reasserted after a trial on the merits.  See Bird, 2024 WL 35247, at *2 (denying as-applied challenge to Section 922(g)(3) without prejudice to being reasserted after trial); Garcia, 2023 WL 8698931, at *1 (denying as-applied challenge to Section 922(g)(3) without prejudice to being reasserted "upon a full evidentiary record").

## IV.  Conclusion

Accordingly, it is **HEREBY ORDERED** that Defendant Kevin Dwight Clements's Motion to Dismiss Counts 4 and 5 of the Indictment Under the Second Amendment, ECF No. 54, is **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE