IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

v.

KEVIN DWIGHT CLEMENTS and
KARYN L. ESTRADA,

      Defendants.

Case No. 5:23-cr-01389-MIS

## ORDER DENYING DEFENDANT'S OPPOSED MOTION FOR RECONSIDERATION RE ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REQUESTING BILL OF PARTICULARS

**THIS MATTER** is before the Court on Defendant Karyn L. Estrada's Opposed Motion for Reconsideration of the Court's Order Denying Defendant's Motion to Dismiss and Requesting Bill of Particulars, ECF No. 69, filed January 17, 2024. The Government filed a Response on January 31, 2024, ECF No. 73, to which Estrada did not reply. Upon review of the Parties' submissions, the record, and the relevant law, the Court **DENIES** the Motion.

    **I.**    **Background**

According to the Affidavit submitted by FBI Special Agent Daniel Fondse in support of the Criminal Complaint filed April 6, 2023, ECF No. 1 at 2-11, an eleven-year-old girl (hereafter, "Doe 1") submitted to forensic interviews during which she described multiple instances of Defendant Kevin Dwight Clements ("Clements") raping her, id. ¶¶ 6-7. The assaults occurred at the Ponderosa RV Park in Artesia, New Mexico, which Clements owned and operated. Id. ¶¶ 7, 9(b). On at least one occasion, Clements displayed a small black gun in front of Doe 1's face and threatened to kill her. Id. ¶ 8(b). On another occasion, Clements put Doe 1 in the trunk of his car and drove her to a workshop on the property where he touched her vagina with his hands and later punched her in the stomach. Id. ¶ 9(b). Doe 1 stated that each time she was raped, the next day

she observed Clements give money to Defendant Karyn L. Estrada ("Estrada")—an adult who had care or custody of Doe 1 during certain time periods. Id. ¶ 9(a); see also id. ¶ 14(c). Doe 1 further stated that she had screamed during the assaults, so it was likely that Estrada, who was present at the residence where the assaults occurred, knew that Clements was assaulting Doe 1. Id. ¶ 9(a).

On September 14, 2023, a Grand Jury sitting in the District of New Mexico returned an Indictment charging five crimes:

- Count 1 charges both Clements and Estrada with sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1) and 2;

- Count 2 charges Estrada with benefitting from sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(2) and 2;

- Count 3 charges Clements with kidnapping in violation of 18 U.S.C. § 1201(a)(1);

- Count 4 charges Clements with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924; and

- Count 5 charges Clements with being an unlawful user of and addicted to a controlled substance in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924.

ECF No. 41.

On November 17, 2023, Estrada filed a Motion to Dismiss Counts One and Two of the Indictment "for lack of sufficient subject matter jurisdiction." ECF No. 55 at 1. On December 15, 2023, the Government filed a Response. ECF No. 65.

On January 11, 2024, the Court issued an Order denying Estrada's Motion to Dismiss Counts One and Two of the Indictment. ECF No. 66. Initially, the Court found that although Estrada framed the Motion as one to dismiss for lack of subject matter jurisdiction, she was actually moving to dismiss the Indictment for failure to state an offense—and specifically, for failure to

allege the "in or affecting interstate or foreign commerce" element of the of the federal sex trafficking statute, 18 U.S.C. § 1591(a)(1). Id. at 5, 7-9. Estrada argued that Counts One and Two fail to state an offense because the alleged sex trafficking occurred entirely intrastate; the only possible "facility" or "instrumentality" of interstate commerce involved in the alleged sex trafficking was United States currency; and money, by itself, is not a facility of interstate commerce. See id. at 9 (citing ECF No. 55 ¶¶ 7, 11-25).

The Court observed that although the Tenth Circuit has apparently not interpreted Section 1591(a)(1)'s "in or affecting interstate or foreign commerce" language, it has found that "[t]he government's burden of proving an effect on interstate commerce under the money laundering statute is not very high: Indeed, it is at the very lowest of thresholds[,]" requiring only a "minimal effect" on interstate commerce. Id. at 10 (quoting United States v. Grey, 56 F.3d 1219, 1225 (10th Cir. 1995)). The Court further observed that "[i]n at least two cases, the Tenth Circuit has found that the 'in or affecting interstate or foreign commerce' element of the child pornography statute, 18 U.S.C.§ 2251(a), was satisfied where the only nexus to interstate commerce was that the camera used to take the photographs had traveled in interstate commerce." Id. at 11 (footnote omitted) (citing United States v. Humphrey, 845 F.3d 1320, 1322 (10th Cir. 2017); United States v. Jeronimo-Bautista, 425 F.3d 1266, 1268, 1273 (10th Cir. 2005)). Relying on these cases, the Court found that Defendants' conduct "affected commerce" for purposes of Section 1591(a). Id. Specifically:

> Defendants are alleged to have used during the commission of their crimes at least two items that travelled in interstate commerce—a car and a gun. Special Agent Fondse's Affidavit alleges that on at least one occasion, Clements put Doe 1 in the trunk of his car, drove her to a different building in the RV park, and sexually assaulted her. ECF No. 1 ¶ 9(b). During the relevant period, Clements drove a 2006 Dodge Stratus that was not manufactured in New Mexico. Id. ¶ 16 ("Dodge is a company headquartered in Michigan. I do not know of any motor vehicles

3

> manufactured in the state of New Mexico."); id. ¶ 17(b) (stating that Clements's Dodge Stratus "was not manufactured in New Mexico . . . .").
>
> Additionally, during at least one sexual assault on Doe 1, Clements used a Ruger .380 caliber handgun. Id. ¶ 8(b). Ruger has production facilities in Connecticut, New Hampshire, North Carolina, and Arizona, but does not have any production facilities in New Mexico. Id. ¶ 18. "Accordingly, Clements' firearm must have been shipped or transported in interstate or foreign commerce." Id. Under Humphrey and Jeronimo-Bautista, Defendants' use of the car and gun is sufficient to satisfy the "in or affecting interstate or foreign commerce" element of Section 1591(a). See Humphrey, 845 F.3d at 1322; Jeronimo-Bautista, 425 F.3d at 1268, 1273.

Id. at 11-12 (footnote omitted). In a footnote, the Court observed that

> Special Agent Fondse's Affidavit alleges that Clements, not Estrada, used a car and a gun during the crimes. However, the Indictment charges Estrada as both a principal under 18 U.S.C. § 1591(a) and as an aider or abettor under 18 U.S.C. § 2. See ECF No.41. "[A]n aider and abettor is responsible for the acts of the principal as a matter of law . . . ." United States v. Deiter, 890 F.3d 1203, 1215 (10th Cir. 2018) (quoting In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016)). Thus, Estrada is responsible for Clements's use of a car and a gun during the sex trafficking offenses.

Id. at 11 n.9. As such, the Court denied the Motion to Dismiss Counts One and Two, and declined to address whether (1) the exchange of United States currency or (2) the use of an RV park are sufficient to satisfy Section 1591(a)'s interstate commerce element. Id. at 12 n.10.

On January 17, 2024, Estrada filed the instant Motion for Reconsideration, or, alternatively, for an Order instructing the Government to provide her with a bill of particulars. ECF No. 69.

## II.   Legal Standard

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014) (citing United States v. Randall, 666 F.3d 1238, 1241-42 (10th Cir. 2011)). "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." Id. (citing Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir.

4

2000)). "Specific grounds include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" Id. (citing Servants of Paraclete, 204 F.3d at 1012). "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." Id. (citing Servants of Paraclete, 204 F.3d at 1012). The moving party bears the burden of establishing grounds for reconsideration. See Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1290 (10th Cir. 2005) (stating that for a Rule 60(b)(2) motion, "the moving party must show" the elements for newly discovered evidence are satisfied).

### III. Discussion

Estrada argues that the Court incorrectly found that: (1) "Defendants are alleged to have used during the commission of their crimes at least two items that travelled in interstate commerce—a car and a gun"; and (2) "Estrada is responsible for Clements's use of a car and a gun during the sex trafficking offenses." ECF No. 69 ¶¶ 3-5. She argues that

> nowhere in the Affidavit accompanying the criminal complaint, nor in the indictment, nor in the discovery provided by the Government thus far, does it demonstrate that Ms. Estrada had the specific intent to aid and abet Mr. Clement's alleged use of a car or a gun. Put another way, there are no facts made available to [defense counsel] that even begin to substantiate the claim that Ms. Estrada took affirmative steps in furtherance of the gun and kidnapping offenses allegedly committed by Mr. Clements, with the intent of facilitating the commission of the same, as required by law.

Id. ¶ 6 (citing Pattern Jury Instruction 2.06 (Aid and Abet), Criminal Cases, Tenth Circuit (2021 ed.)). Consequently, she asks that the Court dismiss the Indictment or, alternatively, order the Government to provide Estrada a bill of particulars. Id. ¶¶ 8-9, 11.

The Government argues that the Court should deny the Motion to Dismiss because "[t]here has been no intervening change in the controlling law[,]" [t]here has been no new evidence

5

identified by Estrada[,]" and "Estrada's complaints about the Court's findings and conclusions being 'incorrect,' do not reveal any 'clear error' or 'manifest injustice,' rather it merely appears Estrada disagrees with the Court's ruling and would like the Court to revisit the matters the Court has already clearly and thoroughly ruled on and explained in the Court's order[.]" ECF No. 73 at 2. It further argues that the Court should deny the request for a bill of particulars because the Indictment "omits no essential detail" and the Government has complied with all of its discovery disclosures; as such, Estrada is sufficiently apprised of the charges against her such that she is able to prepare a defense. Id. at 3-5.

The Court finds that Estrada has failed to establish grounds for reconsideration of the Court's Order denying her Motion to Dismiss Counts One and Two. By arguing that the Court "incorrect[ly]" found that Estrada is responsible for Clements's use of a car and a gun, and that "Defendants" are alleged to have used a car and gun during the commission of their offenses, she appears to argue that reconsideration is necessary to correct clear error and/or because the Court misapprehended the law. However, she fails to explain why the Court's findings or understanding of the law are erroneous.

As the Court explained in its Order denying Estrada's Motion to Dismiss, ECF No. 66, although Special Agent Fondse's Affidavit alleges that Clements, not Estrada, used a car and a gun during the crimes, the Indictment charges Estrada as both a principal under 18 U.S.C. § 1591(a) and as an aider or abettor under 18 U.S.C. § 2. See ECF No.41. "[A]n aider and abettor is responsible for the acts of the principal as a matter of law . . . ." United States v. Deiter, 890 F.3d 1203, 1215 (10th Cir. 2018) (quoting In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016)). If an aider or abettor is responsible for the acts of the principal as a matter of law, and the principal—Clements—used a car and gun during the sex trafficking crimes, then the aider or abettor—

Estrada—is responsible for using a car and gun during the sex trafficking crimes. See id. Because Estrada cites no authority to the contrary, the Court finds that Estrada has failed to demonstrate that the Court misapprehended the law, or that the Court's findings are clearly erroneous.

In fact, the only "authority" that Estrada does cite—the Tenth Circuit's Pattern Jury Instruction on aiding and abetting—does not support her argument. That instruction states:

> Each count of the indictment also charges a violation of 18 U.S.C. section 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."
>
> This law makes it a crime to intentionally help someone else commit a crime. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> *First*: every element of the charged crime [as outlined in Instruction _____] was committed by someone other than the defendant, and
>
> *Second*: the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.
>
> The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

Pattern Jury Instruction 2.06 (Aid and Abet), Criminal Cases, Tenth Circuit (2021 ed.) (emphases added). Thus, under this instruction, the jury is not required to find that Estrada satisfied Section 1591(a)(1)'s interstate commerce element, but rather that "every" element of the sex trafficking statute "was committed by someone other than" Estrada, and that Estrada intentionally associated herself with the crime "in some way[.]" Id. (emphasis added). Indeed, the instruction explicitly

states that the aider or abettor "need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting." Id. Nothing in the jury instruction suggests that Estrada can only be found guilty of aiding and abetting sex trafficking of a minor if she, too, personally satisfies Section 1591(a)(1)'s interstate commerce element, or if she intended to aid and abet Clements's use of a gun or car.  For these reasons, the Court finds that reconsideration is unmerited. See State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc., 364 F. Supp. 3d 758, 765 (E.D. Mich. 2018) (denying motion for reconsideration because the movant "fail[ed] to cite any contrary law . . . or otherwise demonstrate a palpable error by the Court").

The Court further finds that Estrada has not demonstrated that she is entitled to a bill of particulars.  "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." United States v. Ivy, 83 F.3d 1266, 1281 (10th Cir. 1996) (internal quotation marks and citation omitted).  A bill of particulars is generally unwarranted "if the indictment is sufficient to enable the defendant to prepare a defense, to avoid prejudicial surprise at trial, and to bar the risk of double jeopardy." United States v. Gabriel, 715 F.2d 1447, 1449 (10th Cir. 1983).  "An indictment is 'generally sufficient if it sets forth the offense in the words of the statute so long as the statute adequately states the elements of the offense.'" United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988) (quoting United States v. Salazar, 720 F.2d 1482, 1486 (10th Cir. 1983)).  "A bill of particulars may not be used to compel the Government to disclose evidentiary details or 'to explain the legal theories upon which it intends to rely at trial.'" Gabriel, 715 F.2d at 1449 (quoting United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir. 1980)).  The decision to grant a bill of particulars is within the broad discretion of the trial court. Dunn, 841 F.2d at 1029.  In order to prevail on a motion for a bill of particulars,

a defendant must how her "substantial rights" would be prejudiced without the bill. Id. (quoting United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985)).

Here, Count 1 of the Indictment charges Estrada with sex trafficking of a minor in violation of 18 U.S.C. § 1591(a)(1), and aiding and abetting sex trafficking of a minor under 18 U.S.C. § 2. ECF No. 41. at 1-2. Count 2 of the Indictment charges Estrada with benefiting from sex trafficking of a minor in violation of 18 U.S.C. § 1591(a)(2), and aiding and abetting that crime in violation of 18 U.S.C. § 2. Counts 1 and 2 track the language of Section 1591(a)(1) and (2), respectively, and provide the dates of the alleged criminal activity. ECF No. 41 at 1-2. Additionally, the Affidavit of Special Agent Fondse attached to the Criminal Complaint provides specific allegations against Estrada made by Doe 1 during her forensic interviews that are relevant to both Counts 1 and 2. ECF No. 1 at 5, 8-10. And Estrada does not dispute the Government's assertion that it has complied with all discovery disclosures.

While the Indictment does not track the language of the aiding and abetting statute, 18 U.S.C. § 2, "aiding and abetting is not an independent crime under 18 U.S.C. § 2; it simply abolishes the common-law distinction between principal and accessory." United States v. Alexander, 447 F.3d 1290, 1298 (10th Cir. 2006) (quoting United States v. Cooper, 375 F.3d 1041, 1049 (10th Cir. 2004)). "Aiding and abetting, therefore, need not be alleged in the indictment." Id. (citing United States v. Scroger, 98 F.3d 1256, 1262 (10th Cir. 1996)).

In any event, Estrada has failed to establish that her substantial rights will be prejudiced without a bill of particulars. The Court finds that the Indictment, Special Agent Fondse's Affidavit, and the Government's discovery disclosures enable Estrada to prepare a defense and avoid prejudicial surprise at trial. See Ivy, 83 F.3d at 1281-82 (affirming denial of request for bill of particulars where the defendants did not dispute the Government's assertion that it provided the

defendants with complete discovery which contained sufficient information to prepare a defense); Gabriel, 715 F.2d at 1449 (affirming denial of motion for bill of particulars where "the Government had fully disclosed all the documentary and physical evidence it intended to produce at trial").

### IV. Conclusion

Accordingly, it is **HEREBY ORDERED** that Defendant's Opposed Motion for Reconsideration of Order Denying Defendant's Motion to Dismiss and Requesting Bill of Particulars, ECF No. 69, is **DENIED**.

*[signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE