FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO
APR - 3 2024
MITCHELL R. ELFERS
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

**KARYN L. ESTRADA,**

Defendant.

CRIMINAL NO. 23-CR-1389-MIS

PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11, the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **KARYN L. ESTRADA**, and the defendant's counsel, FRANCISCO VALCARCEL:

REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

RIGHTS OF THE DEFENDANT

2. The defendant further understands the following rights:

a. to be charged and prosecuted by indictment;

b. to plead not guilty;

c. to have a trial by jury;

d. to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

e. against compelled self-incrimination.

WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to the Information charging a violation of 18 U.S.C. § 1590(a): Trafficking; 18 U.S.C. § 2: Aiding and Abetting.

ELEMENTS OF THE OFFENSE

4. If this matter proceeded to trial, the defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for a violation of 18 U.S.C. § 1590(a): Trafficking; 18 U.S.C. § 2: Aiding and Abetting:

a. The defendant knowingly recruited, harbored, transported, provided, or obtained Jane Doe;

b. The defendant did so for the purpose of providing the services of Jane Doe in violation of 18 U.S.C. § 1591. That is, the defendant knew that Jane Doe would be caused to engage in a commercial sex act;

c. The defendant acted knowingly;

d. The defendant's conduct resulted in the aggravated sexual abuse or attempted aggravated sexual abuse of Jane Doe.

SENTENCING

5. The defendant understands that the minimum and maximum penalty the Court can impose is:

a. imprisonment for any term of years or for life;

b. a fine not to exceed $250,000.00;

c. a mandatory term of supervised release of not less than 5 years and up to life supervised release. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

d. a mandatory special penalty assessment of $100.00;

e. restitution as may be ordered by the Court.

6. The parties recognize that the Sentencing Guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes. Defendant further recognizes that while the defendant's attorney may have made a prediction or estimate of the sentence that the Court may impose, the defendant understands that the Court is not bound by any such estimate or prediction.

7. The parties agree that, as part of the defendant's sentence, the Court may enter an order of restitution pursuant to 18 U.S.C. § 2259.

8. It is expressly understood and agreed by and between the defendant and the United States that:

a. The United States has made, and will make, NO AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence is the appropriate disposition of this case.

b. The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), any request made by the defendant or on behalf of the defendant for a particular sentence in this case, other than the recommendations agreed to below.

c. The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

d. Except under circumstances where the Court, acting on its own, rejects this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

## DEFENDANT'S ADMISSION OF FACTS

9. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> **Between in or about November 2018 and May 2019, in Eddy County, in the District of New Mexico, I, Karyn L. Estrada, knowingly provided the services of Jane Doe, who I knew was less than 14 years old, to Kevin Dwight Clements ("Clements").**

**Specifically, during that time, I received payment of U.S. paper currency from Clements. During that time, Jane Doe, who was then 10-years-old, was in my care, custody, and control. I was aware that Clements sexually abused Jane Doe and that abuse included Clements vaginally penetrating Jane Doe with Clements' penis, which I acknowledge constitutes aggravated sexual abuse. This service affected interstate commerce in that it occurred at the RV park that Clements owned that serviced interstate travelers as well as long-term tenants, and was therefore, a commercial business. Additionally, it involved an exchange of cash that was manufactured outside of New Mexico and traveled in interstate commerce prior to the cash exchange that occurred in New Mexico during the commission of this offense. Additionally, I now know that Clements used a firearm during the commission of this offense that was manufactured outside of New Mexico and traveled in interstate commerce prior to the use of the firearm during the commission of this offense.**

10. By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

RECOMMENDATIONS

11. Pursuant to Rule 11(c)(1)(B), the United States and the defendant recommend the following:

a. Pursuant to USSG § 3E1.1(a), the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Consequently, so long as the defendant continues to accept responsibility for the defendant's criminal conduct, the defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, of an additional one-level reduction pursuant to USSG § 3E1.1(b). This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States probation officer who prepares the presentence report in this case in which the defendant clearly establishes the defendant's entitlement to this reduction.

b. Apart from the provisions in this plea agreement, the United States and the defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines and adjustments under the guidelines.

12. The defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the defendant understands that the Court may choose to vary from the advisory guideline sentence. The defendant understands that if the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the defendant, or if the Court varies from the advisory guideline range, the defendant will not seek to withdraw the defendant's plea of guilty. In other words, regardless of any recommendations the parties may enter into, the defendant's final sentence is solely within the discretion of the Court.

## RESTITUTION

13. The defendant agrees and acknowledges that, as part of the defendant's sentence, the Court is not limited to ordering restitution only for the amount involved in the particular offense or offenses to which the defendant is entering a plea of guilty but may and should order restitution resulting from all of the defendant's criminal conduct related to this case.

14. The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. The defendant further agrees to comply with any restitution order entered into at the time of sentencing. The defendant further agrees that Defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. The defendant agrees to make full restitution for the

provable losses caused by Defendant's activities. The defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

15. The defendant further agrees to make full and accurate disclosure of his financial affairs to the United States. Specifically, the defendant agrees that, before sentencing, the defendant shall provide to the United States, under penalty of perjury, a financial statement which shall identify all assets owned or held directly or indirectly by the defendant. The defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since November 1, 2018, including the location of the assets and the identity of any third party.

16. The parties will jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until the fine or restitution is paid in full. *See* 18 U.S.C. § 3664(k), (n).

17. The parties will also jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, before the defendant transfers any interest in property owned directly or indirectly by the defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. *See* 18 U.S.C. § 3664(k), (n).

18. The defendant further agrees that whatever monetary penalties are imposed by the Court will be due immediately and will be subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613. If the Court imposes a schedule of payments, the defendant

understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

DEFENDANT'S OBLIGATIONS

19. The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to Defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

20. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

21. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless: (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, Defendant understands that if the court rejects the plea agreement, whether or not Defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and Defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

22. By signing this plea agreement, the defendant knowingly and voluntarily waives any rights and defenses the defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to imposition of special or other assessments.

SEX OFFENDER REGISTRATION AND NOTIFICATION

23. The defendant understands that by pleading guilty, the defendant will be required to register as a sex offender upon the defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, the defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the defendant's life. The defendant understands that the defendant shall keep the defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to the defendant's name, place of residence, employment, or student status, or other relevant information within three business days after such change. The defendant shall comply with requirements to periodically verify in person the defendant's sex offender registration information. The defendant understands that the defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the defendant's release from confinement following conviction.

24. As a condition of supervised release, the defendant shall initially register with the state sex offender registration in New Mexico and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update the defendant's

registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

25. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

26. The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction(s) and any sentence, at or under the maximum statutory penalty authorized by law, as well as any order of restitution entered by the Court. The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence. The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). In addition, the defendant agrees to waive any collateral attack to the defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

GOVERNMENT'S AGREEMENT

27. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees:

a. To move, at the time of sentencing, to dismiss counts 1 and 2 of the present Indictment as to the defendant, Karyn L. Estrada; and

b. not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Indictment.

28. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

VOLUNTARY PLEA

29. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). There have been no representations or promises from anyone as to what sentence the Court will impose.

VIOLATION OF PLEA AGREEMENT

30. The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

SPECIAL ASSESSMENT

31. At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $100.00 in payment of the special penalty assessment described above.

32. Pursuant to 18 U.S.C. § 3014, if the defendant is found to be non-indigent, the defendant will also tender to the United States District Court, a money order or certified check payable to the order of the United States District Court in the amount of $5,000, per relevant count of conviction.

33. The parties agree that the United States will request the Court to order the defendant to pay an assessment of up to $50,000, per relevant count of conviction. Any assessment imposed shall be paid to the United States District Court by money order or certified check payable to the order of the United States District Court.

## ENTIRETY OF AGREEMENT

34. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of Defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement is effective upon signature by the defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 25th day of March, 2024.

ALEXANDER M.M. UBALLEZ
United States Attorney

MATILDA McCARTHY VILLALOBOS
SILVIA DELGADO
Assistant U.S. Attorneys
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

This agreement has been read to me in the language I understand, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

KARYN L. ESTRADA
Defendant

I am the attorney for KARYN L. ESTRADA. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

FRANCISCO VALCARCEL
Attorney for Defendant