UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
ROSWELL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 5:23-cr-01389-MIS-2 |
| Plaintiff, | ) | CRIMINAL |
| vs. | ) | Las Cruces, New Mexico |
| KARYN L. ESTRADA, | ) | Wednesday, April 3, 2024 |
| | ) | (1:32 p.m. to 1:39 p.m.) |
| Defendant. | ) | (2:49 p.m. to 3:10 p.m.) |

PLEA HEARING

BEFORE THE HONORABLE DAMIAN L. MARTINEZ,
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

| | |
|---|---|
| For Plaintiff: | AUSA MATILDA VILLALOBOS<br>United States Attorney's Office<br>200 N. Church Street<br>Las Cruces, NM 88001 |
| For Defendant: | DFPD FRANCISCO VALCARCEL<br>DFPD DONALD J. MORRISON<br>Federal Public Defender's Office<br>506 S. Main, Suite 600<br>Las Cruces, NM 88001 |
| Court Reporter: | Recorded; LCR Sierra Blanca |
| Clerk: | B. Wilson |
| Transcribed by: | Exceptional Reporting Services, Inc.<br>P.O. Box 8365<br>Corpus Christi, TX 78468<br>361 949-2988 |

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

**Las Cruces, NM; Wednesday, April 3, 2024; 1:32 p.m.**

--oOo--

**THE COURT:** Ms. Villalobos?

**MS. VILLALOBOS:** Yes, Your Honor.

**THE COURT:** Which of these -- are you handling all of these, some of the -- all except Number 3, all except Martinez?

**MS. VILLALOBOS:** All except Number 3, Martinez, Your Honor.

**THE COURT:** Okay. Just checking. So you don't have to enter your appearance on every one. I'll note that you're here for all except Martinez and that Ms. -- I don't want to mess up her last name -- Mochaddam (phonetic). Is that how you pronounce your name, Mochaddam?

**MS. MOCHADDAM:** Pardon, Your Honor?

**THE COURT:** How do I properly pronounce your name?

**MS. MOCHADDAM:** Mochaddam.

**THE COURT:** Mochaddam.

**MS. MOCHADDAM:** Yes. Not how it's spelled at all, Your Honor.

**THE COURT:** Okay. Yeah, I would have messed that up. Let me phonetically write that down. All right, ma'am, thank you.

**MS. MOCHADDAM:** Of course. Thank you, Your Honor.

**THE COURT:** I am going to call a list of names. When you hear your name called, please stand up and remain standing.

Ramon Espinosa.

Fabian Cruz-Perez.

Robert Joseph Martinez, Jr.

David Josue Rodriguez-Hernandez.

Junior Alberto Torisis-Maldonado (phonetic).

Juan Carlos Plancecia Montezuma (phonetic).

Jesus Dela Carmen Alejandro Alguria (phonetic).

Carlos Jose Santiago Urena (phonetic).

Jose Danilo Cavillas-Ayala (phonetic).

And Karyn L. Estrada.

Each of the individuals whose names I have called are present in court today.

I will be bringing you up to the podium here in a few minutes, either individually or in small groups but first I want to talk to you about why you're here and the rights you have. This will take a few minutes so if you would go ahead and have a seat to be more comfortable.

Each of you is here today because your attorney has advised the Court that you wish to plead guilty to one or more of the charges against you. I want you to understand, however, that you are still entirely free to plead not guilty.

I also want you to understand that you have a number of rights that you will give up if you move forward with a guilty plea today.

First, because you are facing at least one felony

charge, you actually have the right to plead guilty before a higher level judge called a "district judge". I am a magistrate judge which is a level below a district judge. None of the district judges are available today but if you wanted to appear before one, I would postpone your hearing until one of the district judges would become available.

Another right you have in a felony case is the right to first be charged by what is called "a grand jury" before you plead guilty. A grand jury is simply a group of ordinary American citizens. They do not work for the government. They are just citizens of the United States. There has to be at least 16 of them and 12 of them would have to agree that there's probable cause to believe that you committed the crime that you are charged with. As of today your case has not been presented to the grand jury so if you want to plead guilty today you would have to do so to the charge filed by the prosecutor instead of the grand jury.

As I told you a moment ago, you still have the right to plead not guilty and to demand a jury trial. If that were to happen you'd have these rights at trial:

First, you would be represented by your attorney. Your attorney would sit next to you and advise you throughout the trial.

You would be physically present in the courtroom as the government's witnesses testified against you and you could

have your attorney ask those witnesses questions under oath. Then you could present your own evidence, testify if you wanted to and compel other people to testify for you.

But you would not be required to testify at trial. The decision on whether you testify at trial belongs only to you. And if you chose not to testify at trial, the fact that you did not do so and that you remain silent could never be used against you.

You would also be presumed innocent. And what that means is that it would be the prosecutor's burden to convince each and every trial juror that you were guilty beyond a reasonable doubt. But if instead you plead guilty, then there won't be a trial and you will give up all the trial rights I've just explained.

There are other consequences for entering a guilty plea.

If you are a United States citizen and you plead guilty, you will face the loss of certain civil rights that many people consider valuable; including the right to vote, to hold public office or be a public officer of any kind, to serve on a jury and to lawfully possess a firearm or ammunition. If you are not a citizen of the United States and you plead guilty today, it is virtually certain that you will be deported from the United States, denied admission to the United States and denied United States citizenship in the future if you applied

for it.

I'm going to call you up -- some of you individually but most of you in small groups. If I call you in a group, please stand in the order that the marshal places you. When I ask you questions, answer in the order that I've called you one at a time and out loud.

**(Audio ended at 1:39 p.m.; resumed at 2:49 p.m.)**

**THE COURT:** The next matter is 23-cr-1389.

Ms. Villalobos, what steps have been taken to notify the victim of this plea agreement, Ms. Estrada's plea hearing today and that victim's right to come and make a statement if they wanted to? What steps have been taken?

**MS. VILLALOBOS:** Your Honor, I have personally spoken with the victim's guardians. The victim is a minor in this case. Notified them of the content of the plea agreement and notified them about the hearing today, and they have opted not to be here today or to speak today, Your Honor.

**THE COURT:** Okay, thank you, ma'am.

**MR. VALCARCEL:** And Your Honor, before we begin I know the Court earlier mentioned that the case is coming before Your Honor today for changes of plea had not been indicted. However, in Ms. Estrada's case that's not precisely correct.

Her case was indicted and it was set for trial. Her codefendant is still slated for trial on May 6th.

She has been indicted; however, we're entering a plea

to an information that contains a different charge.

**THE COURT:** Okay. So I imagine that after the plea, that that indictment will be dismissed.

**MR. VALCARCEL:** That's our anticipation, Your Honor.

**THE COURT:** Okay. Thank you, sir.

Good afternoon, Ms. Estrada.

**THE DEFENDANT:** Hello.

**THE COURT:** We need to go over a few things but before we do that I need to swear you in. So could you please raise your right hand.

(Defendant Sworn)

Go ahead and put your hand down.

Ms. Estrada, I need to advise you that you've been placed under oath so if you do not provide me with truthful answers to my questions, you could be charged with making a false statement.

Do you understand that?

**THE DEFENDANT:** Yes.

**THE COURT:** What is your full name and date of birth?

**THE DEFENDANT:** Karyn L. Estrada, February 20th, 1972.

**THE COURT:** You said 1972?

**THE DEFENDANT:** Uh-huh.

**THE COURT:** Ma'am, are you under the influence of medication, any other substance or alcohol?

**THE DEFENDANT:** No, sir.

**THE COURT:** Are you suffering from or being treated for any illness or other medical condition?

**THE DEFENDANT:** No, sir.

**MR. VALCARCEL:** And Your Honor, at this point I think it would be prudent to note the fact for the record that in preparation for this case, our office retained the services of Dr. Nick Barnaclo (phonetic) to conduct a competency and overall mental health evaluation. The results of that evaluation indicate that she is competent to proceed. We believe she's ready to go forward with a plea; however, we anticipate further evaluations in the course of preparing for mitigation at the time of sentence in this case. So there may be some conditions in turn going on with her but in terms of being able to enter a voluntary and intelligent and knowing plea, we believe there's no issue with that, Your Honor.

**THE COURT:** All right. Thank you, sir.

Ma'am, your attorney has informed me that you wish to plead guilty. Is anyone forcing you or threatening you to make you plead guilty?

**THE DEFENDANT:** No, sir.

**THE COURT:** Has anyone made any promises to you, like a specific sentence or anything at all, to get you to plead guilty today?

**THE DEFENDANT:** No, sir.

**THE COURT:** Ms. Estrada, I explained to you your rights. The first of those rights was -- is to have a district judge accept your guilty plea and I also informed you of your right to first be indicted. As Mr. Valcarcel stated, you've been indicted but you have agreed to plead guilty to a charge in an information.

And what your attorney has provided me is two documents. The first is called -- is titled a "Consent to Proceed Before a United States Magistrate Judge in a Felony Case". This is the document that you sign and submit when you're willing to plead guilty in front of me today.

The other document that your attorney has provided me is titled "Waiver of Indictment" and this is a document that you sign and submit when you're willing to plead guilty to the charge, the prosecutor's charge in the information.

Ma'am, before you signed these two documents, did you read them in their entirety?

**THE DEFENDANT:** Yes.

**THE COURT:** Did your attorney explain these two documents to you?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Did you voluntarily sign these two documents?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** I'm going to allow you to plead guilty

before me to the charge by the prosecutor in the information.

Ma'am, I told you about your right to plead not guilty, to demand a jury trial and the rights you would have at that trial

Did you understand those rights?

**THE DEFENDANT:** Yes.

**THE COURT:** Did you also understand that if you plead guilty here in a few minutes, then there won't be a trial and you will give up all the rights that go with one?

**THE DEFENDANT:** I understand.

**THE COURT:** I also described other consequences of a guilty plea, including as a United States citizen, you would lose certain civil rights.

Did you understand those consequences?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Ma'am, the charge against you is set forth in an information and alleges that from on or about November 2018 and continuing to on or about May 2019, here in New Mexico, you committed the offense of violating 18 USC Section 1590, which is trafficking, and 18 USC Section 2, aiding and abetting.

Ma'am, to convict you, the United States would have to prove four elements. Those elements are:

First, that you knowingly recruited, harbored, transported, provided or obtained -- in this case the victim,

Jane Doe.

Second, that you did so for the purpose of providing the services of Jane Doe, in violation of 18 USC Section 1591; that is, the defendant knew that Jane Doe would be caused to engage in a commercial sex act.

Third, that the defendant acted knowingly;

And fourth, that your conduct resulted in the aggravated sexual abuse or attempted aggravated sexual abuse of Jane Doe.

Do you understand the charge against you as I've just explained it?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** The maximum penalty for this charge includes imprisonment for any term of years and up to life; a fine not to exceed $250,000; a mandatory term of supervised release of not less than five years; a mandatory special penalty assessment of $100; and restitution as may be ordered by the Court.

Do you understand that those are the maximum penalties?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Have you had enough time to speak with your attorney about all aspects of your case, including the facts of your case, the charge against you, and any and all defenses you may have?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Are you satisfied with the legal advice your attorney has provided you?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Ma'am, Mr. Valcarcel has provided me with your plea agreement which includes 13 pages that you have signed and you've signed the plea agreement on Page 13, along with your attorney. And your plea agreement also contains a two-page Exhibit A. And you have signed that Exhibit A which is made up of six photographs. You signed that on the second page along with your attorney and both of these documents appear to be executed on March 25th, 2024.

Ma'am, before you signed these two documents -- which is the addendum and the plea agreement -- did you read them in their entirety?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Before you signed these two documents, did your attorney explain the plea agreement and the addendum to you, what they mean, how they work and answer all questions you had concerning your plea agreement and the addendum?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Did you make sure that you understood all the terms and conditions of your plea agreement and the addendum before you signed it?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Are there any other questions concerning your plea agreement, the addendum or your decision to plead guilty that you want to discuss with Mr. Valcarcel in private before we continue?

**THE DEFENDANT:** No, sir.

**THE COURT:** Did you sign your plea agreement and addendum voluntarily?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Mr. Valcarcel, what are the important portions of this plea agreement?

**MR. VALCARCEL:** Yes, Your Honor. To go over the benefit of the bargain in this case I do have to go slightly into the history of this case.

Initially Ms. Estrada was charged and later indicted on violating two counts of 18 USC 1591. Said offense carries a statutory minimum of 15 years.

Throughout the course of plea negotiations, the parties arrived at this particular plea deal which is pleading guilty to a violation of 18 USC 1590 which while it does have a statutory maximum of up to life, carries no mandatory minimum. So the first and foremost benefit of her pleading would be pleading to a charge that does not have that statutory minimum.

However, the plea agreement is a nonbinding one. It is under 11(c)(1)(B).

The government is not recommending any particular

guideline range. The sentencing court will have the discretion to sentence Ms. Estrada as it sees fit, anywhere up to the statutory maximum. Obviously we're not saying we agree with that but the same agreement does not contain a Booker bar; that is, that the defense has the liberty at the time of sentence to argue for what they believe is a sentence sufficient but not greater than necessary in Ms. Estrada's case.

This plea agreement, Your Honor, carries a waiver of appeal and waiver of collateral attacks; that is, that Ms. Estrada cannot -- she's basically waiving her right to appeal or to collaterally attack the sentence with the exception of any claims of ineffective assistance of counsel, Your Honor.

Those would be the salient portions; and again, I don't know if I've missed any but those are the salient portions in our view, Your Honor.

**THE COURT:** All right. Thank you, sir.

Ms. Estrada, Mr. Valcarcel just described the important portions of your plea agreement. Is what he said, does it match with your understanding of your plea agreement, ma'am?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** All right. Ma'am, I want to go over a few things that are contained in your plea agreement with you.

First of all, this is you may have heard earlier that

they were 11(c)(1)(C) plea agreements. Yours is not one of those. So although there's maybe stipulations in your plea agreement, those are only binding on you and the prosecutor, they're not binding on the sentencing judge.

Do you understand that?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** So it's possible that after reviewing the facts of your case, the sentencing guidelines and other factors that federal law require be considered, the judge could decide to give you credit for one or more of the stipulations in your agreement or decide to give you no credit for it. If that were to happen, do you understand you will not be permitted to withdraw your guilty plea?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Your -- as your attorney said, your plea agreement also has a waiver of appeal. And although generally speaking even when somebody pleads guilty they retain their ability to appeal -- which is to complain about a decision to a higher court of something that happened in the lower court and many times that appeal is based on the length of a sentence somebody received. But your plea agreement, under your plea agreement you waived that right to appeal.

Do you understand that, ma'am?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Do you also understand that under your

plea agreement the only claim that you will have or could bring to any court in any venue is that somehow your attorney provided you with what is called "ineffective assistance of counsel". That'll be the only claim you have left.

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Also, in your plea agreement in Page 9, it indicates you're still going to have to register as a sex offender. You understand if you plead guilty that you will be required to register as a sex offender under state and federal law most likely the rest of your life?

**THE DEFENDANT:** Yes, sir.

**MR. VALCARCEL:** And Your Honor, I neglected to mention -- and I apologize -- but the Court did mention acceptance of responsibility. That's basically the only recommendation that the government's making. I realize we're somewhat close to the trial date however there were some circumstances that I think the parties agree that acceptance of responsibility can still be awarded to Ms. Estrada.

Moreover, the Court referenced earlier an addendum document. The government, it is our understanding, may or may not choose to have Ms. Estrada testify against the codefendant in this case and depending on what flows from there she may or may not receive an additional benefit. And I apologize for neglecting those two facets of the plea agreement earlier, Your Honor.

**THE COURT:** Not a problem.

Is that your understanding, ma'am, of your plea agreement, those?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Okay. Ma'am, besides the promises made to you by the United States that are found in the plea agreement and the addendum, has anyone else made any other promises to you to get you to plead guilty?

**THE DEFENDANT:** No, sir.

**THE COURT:** Ms. Estrada, as to the charge that from on or about November 18 and continuing to in or about May 19 here in New Mexico, you committed the offense of violating 18 USC Section 1590, trafficking, and 18 USC Section 2, aiding and abetting, how do you plead? Guilty or not guilty?

**THE DEFENDANT:** Guilty.

**THE COURT:** Ma'am, I want to read something to you that is found on Page 4 and 5 of your Plea Agreement under Paragraph 9 and it states:

"Between in or about November 2018 and May 2019 in Eddy County in the District of New Mexico, I, Karyn L. Estrada, knowingly provided the services of Jane Doe who I knew was less than 14 years old to Kevin Dwight Clements (Clements).

"Specifically, during that time I received payment of U.S. paper currency from Clements.

"During that time Jane Doe who was then 10 years old was in my care, custody and control.

"I was aware that Clements sexually abused Jane Doe and that abuse included Clements vaginally penetrating Jane Doe with Clements' penis which I acknowledge constitutes aggravated sexual abuse."

"This service affected interstate commerce in that it occurred at the RV park that Clements owned, that serviced interstate travelers, as well as long-term tenants and was there for a commercial business."

"Additionally, it involved an exchange of cash that was manufactured outside of New Mexico and traveled in interstate commerce prior to the cash exchange that occurred in New Mexico during the commission of this offense."

"Additionally, I now know that Clements used a firearm during the commission of this offense that was manufactured outside of New Mexico and traveled in interstate commerce prior to the use of the firearm during the commission of the offense."

Ma'am, is everything that I just read to you true?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Mr. Valcarcel, are you satisfied that Ms. Estrada pleading guilty is in her -- pursuant to this plea agreement is in her best interest?

**MR. VALCARCEL:** I am, Your Honor.

**THE COURT:** Do you have any objection to the manner in which I've taken her plea?

**MR. VALCARCEL:** None at all, Your Honor.

**THE COURT:** What type of PSR would you like?

**MR. VALCARCEL:** Your Honor, in this case we are asking for a full non-expedited Presentence Report. My understanding is that Judge Strickland, her sentencing order does provide for a date-certain as to sentencing. I don't know if this would be the right moment but we anticipate moving the Court to delay sentencing down the line, not the least of which is the reason that the trial is set for May 6th. We have to see what happens then. Moreover, the defense will ask for time to develop some mitigation evidence at sentencing. I don't anticipate any disagreement from the government on that score.

**MS. VILLALOBOS:** No.

**THE COURT:** Okay. I find that Karyn Estrada is competent and capable of entering an informed plea;

The she is aware of the nature of the charges and the consequences of the plea;

That your plea is knowing, voluntary and supported by sufficient facts.

Ms. Estrada, I accept your plea and now adjudge you guilty to the count in the information.

Ma'am, what'll happen moving forward is a report is

going to be prepared for you. The purpose of that report is to educate Judge Strictland about you, your history and the offense that you've pled guilty to, and it allows Judge Strictland to come up with the best sentencing decision.

So once that report's completed and depending on when the sentencing hearing is set, when that happens you'll be back in court with your attorney to be sentenced and have your case concluded.

Ms. Estrada, I wish you the best of luck.

**THE DEFENDANT:** Thank you.

**THE COURT:** And you are excused.

**THE DEFENDANT:** Thank you, sir.

**THE COURT:** You're welcome.

**MR. VALCARCEL:** Thank you, Judge, and good afternoon everyone.

**THE COURT:** Okay. We'll see you later.

**(Proceeding adjourned at 3:10 p.m.)**

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

Toni Hudson

**February 4, 2025**

**Signed** **Dated**

***TONI HUDSON, TRANSCRIBER***